UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
ELENA GARCIA AMAYA, MARIA AMAYA
MELENDEZ, ARTURO AMILCAR AMAYA,
CARMEN TORRES-TAVERAS, ANA T.
TAVERAS, ORLANDO JOSE GARCIA AMAYA,
SANDRA C. GARCIA AMAYA,

**REPORT & RECOMMENDATION**
**19 CV 4645 (LDH)(LB)**

                Plaintiffs,

    -against-

INTERCOUNTY PAVING ASSOCIATES,
JAMES KOENG,

              Defendants.
---------------------------------------------------------------X

**BLOOM, United States Magistrate Judge:**

This case has been referred to me for all pretrial purposes. In light of *pro se* plaintiffs' failure to comply with the Court's February 25, 2022 Order to provide a proper service address for defendant James Koeng, it is respectfully recommended that plaintiffs' action against defendant James Koeng should be dismissed pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

## BACKGROUND

On September 27, 2021, the Court granted plaintiffs *in forma pauperis* status[1] and directed the United States Marshals Service ("USMS") to serve defendants at the addresses provided by plaintiffs. See Order dated September 27, 2021. On February 2, 2022, the USMS returned the summons for defendant James Koeng unexecuted with a notation "unable to locate/USM 299 returned to sender via USPS." ECF No. 30. On February 25, 2022, the Court ordered plaintiffs to provide a proper service address for Mr. Koeng by March 26, 2022. ECF No. 31. Plaintiffs never provided a proper service address for Koeng as ordered.

---

[1] The Court's Order granted *in forma pauperis* ("IFP") for the five plaintiffs whose IFP motions were pending on that date. Two additional plaintiffs—Orlando Jose Garcia Amaya and Sandra C. Garcia Amaya—later filed IFP motions on November 8, 2021. ECF Nos. 27-28. The Court grants these plaintiffs' IFP motions *nunc pro tunc*.

**DISCUSSION**

"Although *pro se* litigants proceeding *in forma pauperis* . . . may enlist the help of the [USMS] to effect service under Rule 4, these litigants are, for obvious reasons, still responsible for providing the [USMS] with accurate information to enable proper service." Castro v. Cusack, No. 15 CV 6714 (ENV)(LB), 2019 WL 3385218, at *5 (E.D.N.Y. July 26, 2019) (citations omitted); see also Ruddock v. Reno, 104 Fed.Appx. 204, 206–07 (2d Cir. 2004) (summary order) (explaining that in order to serve defendant, a *pro se* litigant granted *in forma pauperis* status must provide the USMS "information necessary to identify the defendant.").[2]

Despite their *in forma pauperis* status, plaintiffs' *pro se* case may be dismissed against Mr. Koeng as plaintiffs were given ample opportunity to serve this defendant. Landy v. Irizarry, 884 F. Supp. 788, 793, 802 (S.D.N.Y. 1995) (dismissing defendant under Rule 4(m) as *pro se* litigant proceeding *in forma pauperis* failed to serve defendant "or to assist the [USMS] in effecting service, other than that he initially provided the [USMS] with information he thought was correct."); see also Redd v. Phillips, 348 Fed. Appx. 606, 607 (2d Cir. 2009) (summary order) (dismissing incarcerated litigant's case after he was afforded additional time to serve defendant but failed to provide the USMS with "the requisite information . . . to locate [defendant].").

Plaintiffs were ordered to provide a proper service address for Mr. Koeng by March 26, 2022. ECF No. 31. To date, plaintiffs have not responded to the Court's Order. The Court cannot investigate the whereabouts of a defendant. Plaintiffs were warned that if they failed to provide an address where Mr. Koeng could be properly served, their case against this defendant would be dismissed. Id.; Luciano v. Nassar, No. 19 CV 3180 (MKB)(LB), Electronic Order dated April 29, 2020 (E.D.N.Y. April 29, 2020) (dismissing *pro se* plaintiff's action for failure to comply with Court's order to provide proper service address for defendant). In light of plaintiffs' failure to comply

---

[2] The Clerk of Court is directed to send plaintiffs the attached copies of the unreported cases cited herein.

with the Court's Order to provide a service address, it is respectfully recommended that this action should be dismissed against defendant James Koeng.[3] The Clerk of Court is respectfully directed to mail a copy of this Report to plaintiffs.

**FILING OF OBJECTIONS TO REPORT AND RECOMMENDATION**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections (and any responses to objections) shall be filed with the Clerk of the Court. Any request for an extension of time to file objections must be made within the fourteen-day period. Failure to file a timely objection to this Report generally waives any further judicial review. Marcella v. Capital Dist. Physicians' Health Plan, Inc., 293 F.3d 42, 46 (2d Cir. 2002); Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989); see Thomas v. Arn, 474 U.S. 140 (1985).

SO ORDERED.

_____/S/_____
LOIS BLOOM
United States Magistrate Judge

Dated: February 6, 2023
      Brooklyn, New York

---

[3] On January 17, 2023, the Clerk of Court entered a default against defendant Intercounty Paving Associates. ECF No. 33. Plaintiffs shall move for a default judgment against Intercounty Paving Associates by March 15, 2023 or the case against the remaining defendant may be dismissed for failure to prosecute.