UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
ELENA GARCIA AMAYA,
MARIA AMAYA MELENDEZ,
ARTURO AMILCAR AMAYA, CARMEN
TORRES-TAVERAS, ORLANDO JOSE
GARCIA AMAYA, ANA T. TAVERAS,
and SANDRA C. GARCIA AMAYA,

                    Plaintiffs,

      -against-


INTERCOUNTY PAVING ASSOCIATES LLC,

                   Defendant.
-------------------------------------------------------------X

**REPORT AND RECOMMENDATION**
**19-CV-4645 (LDH)(LB)**

**BLOOM, United States Magistrate Judge:**

Plaintiffs Elena Garcia Amaya, Maria Amaya Melendez, Arturo Amilcar Amaya, Carmen

Torres-Taveras, Orlando Jose Garcia Amaya, Ana T. Taveras, and Sandra C. Garcia Amaya,

proceeding *pro se*, bring this personal injury action invoking the Court's diversity jurisdiction[1]

against defendant Intercounty Paving Associates LLC ("Intercounty Paving Associates"), alleging

personal injuries resulting from an automobile incident on August 12, 2016. Although plaintiffs

purport to have properly served the third amended complaint[2] on defendant, ECF No. 29, defendant

has failed to plead or otherwise defend the action. See Cert. of Default, ECF No. 33. Plaintiffs now

move for a default judgment pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure

("Fed R. Civ. P."). See ECF No. 40. The Honorable LaShann DeArcy Hall referred plaintiffs'

motion to me for a Report and Recommendation pursuant to 28 U.S.C. § 636(b). For the reasons

set forth below, I respectfully recommend that plaintiffs' motion should be denied, and that the

---

[1] Plaintiffs are citizens of New York; defendant is a citizen of New Jersey.
[2] The Court accepted plaintiffs' third amended complaint, ECF No. 23, as the operative pleading on September 27, 2021.

Court should extend the time for plaintiffs to serve defendant with process under Fed. R. Civ. P. 4(m).

## BACKGROUND[3]

On August 12, 2016, plaintiff Melendez was driving a car owned by plaintiff Torres-Taveras on Lawson Boulevard in Oceanside, New York. Id. ¶¶ 3, 48. Melendez's minor child and plaintiff Elena Garcia Amaya were riding in the car as passengers. Id. ¶ 33. Both plaintiffs Melendez and Garcia Amaya worked for plaintiff Torres-Taveras's cleaning business, and were on their way to see Torres-Taveras. Id. ¶ 28. While stopped at a red light, plaintiffs' car was hit from behind by a dumpster truck, the impact of which caused plaintiff Melendez to lose consciousness for a few minutes. Id. ¶¶ 34–35. The truck was owned by defendant Intercounty Paving Associates. Id. ¶ 1. Plaintiffs allege that defendant is a limited liability company that is "founded in and based in Hackettstown, New Jersey." Id. ¶ 22. At the time of the incident, the truck was driven by defendant's employee, James Koeng. Id. ¶¶ 1, 17.

All three occupants in plaintiff Torres-Taveras's car experienced pain in various parts of their bodies after the incident and were taken by ambulance to South Nassau County Hospital, where they were assessed and discharged. Id. ¶¶ 37–38. Plaintiffs Melendez and Garcia Amaya required continued medical treatment and physical rehabilitation after being discharged. Id. ¶ 39. Neither was able to return to work due to their injuries. Id. ¶ 42.

At the time of the car accident, plaintiff Torres-Taveras's car was insured by State Farm Fire Casualty Insurance Company ("State Farm"). Id. ¶¶ 7, 26. State Farm compensated plaintiffs Melendez and Garcia Amaya for a portion of their lost wages related to the accident.[4] Id. ¶¶ 7, 61,

---

[3] The following allegations are taken from the Third Amended Complaint ("TAC"), ECF No. 23, and are assumed to be true for purposes of this Report & Recommendation.

[4] State Farm did not provide plaintiff Torres-Taveras any compensation related to the August 12, 2016 accident. TAC ¶ 70. State Farm had reimbursed plaintiff Torres-Taveras for some of her lost wages due to an unrelated car accident that occurred on May 28, 2016. Id.; see also ECF No. 23 at 31. While plaintiff Torres-Taveras admits that this accident

67. Defendant's truck was insured by The Travelers Indemnity Company ("Travelers") at the time of the incident. Id. ¶ 43. Plaintiffs Garcia Amaya and Melendez were "forced to settle[]" with Travelers "for a meager amount of $15,000, each." Id. Plaintiff Torres-Taveras "tried to talk" them "out of accepting such [a] small amount of settlement" but was unsuccessful. TAC ¶¶ 44–45.

Plaintiffs Garcia Amaya and Melendez require ongoing medical treatment, and each have suffered loss of enjoyment and consortium with their husband and children, respectively.[5] Id. ¶¶ 61, 67, 84. Plaintiffs seek compensatory, statutory, and punitive damages, pre- and post-judgment interest, and an award of fees and costs, among other relief.

## PROCEDURAL HISTORY

This case has an extended and confusing history. Plaintiffs filed the original complaint on August 12, 2019. ECF No. 1. Plaintiffs amended the complaint on September 9, 2019, ECF No. 10, and sought leave to proceed *in forma pauperis*. ECF Nos. 11–13. The Court ordered plaintiffs to amend the complaint to reflect that all plaintiffs represent themselves, secure counsel for any minor children named as plaintiffs, and provide information on a related state court action. Mem. & Order dated March 3, 2020, ECF No. 17. The Court stayed all further proceedings pending plaintiffs' response to the Court's Order. Id.

---

is unrelated to the August 2016 accident at issue in the instant action, TAC ¶ 2, she also states that there is pending litigation regarding the May 2016 accident for "lost wages and breach of contract" against State Farm in Nassau County Supreme Court. TAC ¶ 7. The Court directed plaintiffs to provide information on any state court action concerning the August 2016 accident. Mem. & Order, ECF No. 17. However, no information has been produced.

[5] This case is ostensibly about the personal injuries suffered from the car accident on August 12, 2016. Notably, only two of the seven plaintiffs were in the car at the time of the accident. Much ink is spilled alleging plaintiffs' other hardships, such as the loss of plaintiff Torres-Taveras's cleaning business after the accident, resulting in financial debts owed by Torres-Taveras and her mother, plaintiff Ana M. Taveras. Id. ¶¶ 8, 40–42. Likewise, plaintiff Melendez's adult children, plaintiffs Orlando Jose Garcia Amaya and Sandra C. Garcia Amaya, allege being "forced" to work in order to support their mother. Id. ¶¶ 12–13, 61. Plaintiff Arturo Amilcar Amaya alleges, *inter alia*, the "loss of the possibility of having more children" with plaintiff Garcia Amaya because of her injuries. Id. ¶¶ 72, 75. While the Court sympathizes with plaintiffs' circumstances, they are not relevant for purposes of this Report & Recommendation.

Plaintiffs filed a second amended complaint on May 26, 2020. ECF No. 19. On April 7, 2021, the Court consolidated this action with two related actions that plaintiffs had filed in this Court, case nos. 19-CV-4646, and 19-CV-4647. ECF No. 20. The Court dismissed all but defendants Intercounty Paving Associates LLC ("Intercounty Paving Associates") and James Koeng from the consolidated action and afforded plaintiffs time to retain counsel for plaintiffs' minor children. Id. Plaintiffs filed a third amended complaint on September 7, 2021, removing the minor plaintiffs in the action. ECF No. 23. The Court deemed plaintiffs' third amended complaint as the operative complaint, granted plaintiffs *in forma pauperis* status, and directed the United States Marshals Service ("USMS") to serve defendants Intercounty Paving Associates and Koeng at the addresses that plaintiffs provided. See Electronic Order dated September 27, 2021 (E.D.N.Y. September 27, 2021).

On November 10, 2021, the USMS returned the summons for defendant Intercounty Paving Associates with a notation: "USM 299 Mail Waiver / Certified Mail." ECF No. 29. The USMS returned the summons for defendant Koeng unexecuted on February 2, 2022, with a notation: "unable to locate / USM 299 returned to sender via USPS." ECF No. 30. The Court directed plaintiffs to provide a proper address where defendant Koeng could be served by March 26, 2022, and warned plaintiffs that their case against him would be dismissed if they failed to comply with the Court's Order. ECF No. 31. Plaintiffs never provided a proper service address for defendant Koeng. Accordingly, the Court dismissed the action against defendant Koeng without prejudice.  See Electronic Order dated May 8, 2023 (E.D.N.Y. May 8, 2023) (adopting *Sua Sponte* Report & Recommendation ("R&R") dated February 6, 2023, ECF No. 34).

Plaintiffs requested an entry of default as to defendant Intercounty Paving Associates on January 3, 2023, ECF No. 32, and the Clerk of Court noted entry of default thereafter, ECF No.

33. Plaintiffs filed a letter with the Court on April 14, 2023, stating that they had been "grant[ed] default judgment against Intercounty Paving Associates." ECF No. 3. The Court clarified that the entry of default by the Clerk of Court was not a judgment and directed plaintiffs to review the two-step process for obtaining a default judgment under Fed. R. Civ. P. 55.[6] ECF No. 36.

On August 18, 2023, the Court noted that four months had passed since the Court's April 14, 2023 Order and directed plaintiffs to take appropriate action under Fed. R. Civ. P. 55(b)(2). ECF No. 37. Plaintiffs moved for a default judgment against defendant on October 16, 2023. ECF No. 40. Attached to plaintiffs' motion is an affidavit of support, a proposed judgment, an affidavit of service, and various exhibits. ECF Nos. 40-1–40-3, 41.

## DISCUSSION

### I. Personal Jurisdiction and Service of Process

Before the Court enters a default judgment, it must address whether the defendant has been properly served with process such that the Court can exercise personal jurisdiction over the defendant. See Johannes Baumgartner Wirtschafts-Und Vermögensberatung GmbH v. Salzman, 969 F. Supp. 2d 278, 287 n.6 (E.D.N.Y. 2013) ("Default judgments are disfavored, so before a district court will enter one, it must ensure that the defaulting defendants received notice of the claims against them and were provided an opportunity to answer those allegations." (citing State St. Bank & Trust Co. v. Inversiones Errazuriz Limitada, 374 F.3d 158, 168 (2d Cir. 2004))). It is the plaintiff's burden to establish that service was proper. See Innovative Sports Mgmt., Inc. v. Triangle Eatery & Bar, LLC, No. 21-CV-6909, 2022 WL 18151927, at *4 (E.D.N.Y. Dec. 14, 2022), report and recommendation adopted, No. 21-CV-6909, 2023 WL 130835 (E.D.N.Y. Jan. 9,

---

[6] The Court also provided plaintiffs with contact information for the City Bar Justice Center Federal Pro Se Legal Assistance Project for limited legal assistance, as well as the Court's Pro Se Office for information regarding Court procedures. ECF No. 36.

2023) (finding plaintiff had not satisfied its burden of demonstrating that defendants were properly served).[7] "Although *pro se* litigants proceeding *in forma pauperis*…may enlist the help of the [USMS] to effect service under Rule 4 [of the Fed. R. Civ. P.], these litigants are, for obvious reasons, still responsible for providing the [USMS] with accurate information to enable proper service." Castro v. Cusack, No. 15-CV-6714, 2019 WL 3385218, at *5 (E.D.N.Y. July 26, 2019) (citations omitted); see also Ruddock v. Reno, 104 Fed. App'x. 204, 206–07 (2d Cir. 2004) (summary order) (noting that a *pro se* litigant granted *in forma pauperis* status must provide the USMS "information necessary to identify the defendant" for service).

Rule 4 authorizes service on a corporation, partnership, or other association pursuant to the state law of either "the state where the district court is located or where service is made[.]" See Fed. R. Civ. P. 4(h)(1) & (e)(1). In this case, service may be effected pursuant to the state laws of New York or New Jersey. Both New York and New Jersey state laws permit service by personally delivering the summons and complaint to an officer, director, managing agent or "any other agent authorized by appointment or by law to receive service," or "any person authorized by the secretary of state to receive such service." See N.Y.C.P.L.R. § 311(a)(1); see also N.J. CT. R. 4:4–4(a)(6). When service is made upon someone lacking "express authorization to accept service" on a defendant's behalf, service is still proper "if it is made in a manner which, objectively viewed, is calculated to give the corporation fair notice of the suit." Krape v. PDK Labs Inc., 194 F.R.D. 82, 85 (S.D.N.Y. 1999) (citation omitted). Whether service is proper depends on the circumstances and "the reasonableness of the process server's actions in serving the complaint." Kuhlik v. Atl. Corp., 112 F.R.D. 146, 148 (S.D.N.Y. 1986).

---

[7] The Clerk of Court is respectfully directed to send plaintiffs the attached copies of the unreported cases cited herein.

Here, the summons filed by the USMS suggests that Intercounty Paving Associates was served by "certified mail" with a "USM 299 mail waiver." ECF No. 29 at 1. Attached to the summons is a United States Postal Service (USPS) "tracking page" noting that the "item was delivered to an individual at the address" provided by plaintiffs for service. Id. at 2. This is insufficient proof of service on defendant for several reasons. First, neither the summons nor the attached tracking page identifies an officer, director, or other agent authorized to accept service on Intercounty Paving Associates' behalf. Second, "neither Fed. R. Civ. P. 4(h) nor CPLR § 311 authorizes service on corporations via mail." Amnay v. Del Labs, 117 F. Supp. 2d 283, 287 (E.D.N.Y. 2000) (finding plaintiff's attempt to serve the corporate defendant insufficient). Even assuming, *arguendo*, that defendant waived personal service and agreed to accept service by mail, defendant should have been given thirty (30) days to sign and return an acknowledgment form, with service by mail deemed "complete on the date the signed acknowledgement of receipt is mailed or delivered to the sender." N.Y. C.P.L.R. 312-a; see also Bell v. Deutsche Bank, No. 18-CV-1593, 2019 WL 4917901, at *4 (E.D.N.Y. Sept. 30, 2019) ("service under N.Y. C.P.L.R. 312-a is complete only if and when a defendant signs and returns the acknowledgment of receipt."). No acknowledgment form or any other document has been filed to establish that defendant waived service and consented to service by mail.

As noted in prior Orders, the Court cannot investigate the whereabouts of a defendant. See Order dated February 25, 2022, ECF No. 31; see also R&R, ECF No. 34. Although the Court has enlisted the USMS to help serve defendant on plaintiffs' behalf, plaintiffs are responsible for providing a proper address where Intercounty Paving Associates can be served. See Luciano v. Nassar, No. 19-CV-3180, Electronic Order dated April 29, 2020 (E.D.N.Y. April 29, 2020) (dismissing *pro se* plaintiff's action for failure to comply with Court's order to provide proper

service address for defendant). Plaintiffs have not demonstrated that the address they gave to the USMS is defendant's proper address for service of process. G&G Closed Cir. Events, LLC v. Narine, No. 20-CV-4271, 2022 WL 950449, at *1 (E.D.N.Y. Mar. 30, 2022) (denying default judgment where the address used had not been established as defendant's actual address for service).[8] Thus, the USMS's summons is insufficient as proof of service on defendant, and the Court lacks personal jurisdiction over Intercounty Paving Associates in this matter.

Nevertheless, given plaintiffs' *pro se* status, the Court should afford them additional time to either serve defendant themselves or provide the USMS with sufficient information to properly serve defendant. Murray v. Pataki, 378 F. App'x 50, 52 (2d Cir. 2010) (summary order) (finding that the Court has discretion extend the time to serve a defendant under Rule 4(m) "even in the absence of good cause." (citation omitted)). Plaintiffs shall file information regarding who can accept service on Intercounty Paving Associates' behalf and where that officer, director, or agent can be served. Plaintiffs shall file this information within thirty (30) days of any adoption of this Report & Recommendation. Upon receipt of the requested information, the Clerk shall reissue the summons for defendant and either forward the documents necessary for service to plaintiffs so that they can effect proper service on defendant, or to the USMS. Unless plaintiffs provide information as to where an officer, director, or other agent authorized to accept service for Intercounty Paving Associates can be found to the Court within 30 days of the adoption of this Report & Recommendation, the USMS will not be able to properly serve defendant, and I shall recommend that the Court should dismiss this case without prejudice pursuant to Fed. R. Civ. P. 4(m).

---

[8] Plaintiffs allege that Intercounty Paving Associates, LLC is a New Jersey corporation. Plaintiffs can search for and retrieve information on a New Jersey business—including status reports and certificates listing the business's officers, directors, or other agents—at the following website: https://www.njportal.com/dor/businessrecords/.

## CONCLUSION

For the reasons stated above, it is respectfully recommended that plaintiffs' motion for a default judgment against defendant Intercounty Paving Associates, LLC should be denied without prejudice. The Court should extend plaintiffs' time to properly serve defendant, or to provide the USMS with sufficient information to identify someone who can accept service on defendant in this matter. If plaintiffs fail to properly serve defendant or provide the USMS with sufficient information within that time, the Court should dismiss this action without prejudice pursuant to Fed. R. Civ. P. 4(m).

## FILING OF OBJECTIONS TO REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections shall be filed with the Clerk of the Court. Any request for an extension of time to file objections must be made within the fourteen-day period. Failure to file a timely objection to this Report generally waives any further judicial review. Marcella v. Capital Dist. Physicians' Health Plan, Inc., 293 F.3d 42 (2d Cir. 2002); Small v. Sec'y of Health & Human Servs., 892 F.2d 15 (2d Cir. 1989); see Thomas v. Arn, 474 U.S. 140 (1985).

SO ORDERED.

_____/S/_____
LOIS BLOOM
United States Magistrate Judge

Dated: February 1, 2024
       Brooklyn, New York

9